UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  **19-CR-60201/RUIZ**

UNITED STATES OF AMERICA            )
                                    )
                                    )
                                    )
v.                                  )
                                    )
                                    )
LESTER  JAVIER  BERMUDEZ  ALVAREZ

                                    )
        Defendant.                  )
_____)


**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order.  This response also

complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    An audio recording of statements made by the defendant can be obtained by
            making arrangements with undersigned counsel.

      2.    The government is unaware of any relevant oral statements made by the
            defendant before or after arrest in response to interrogation by any person
            then known to the defendant to be a government agent that the government
            intends to use at trial.

      3.    No defendant testified before the Grand Jury.

      4.    The defendant's prior criminal record is attached.

      5.    Books, papers, documents, data, photographs, tangible objects, buildings or
            places, within the government's possession, custody or control, which are
            material to the preparation of the defendant's defense, or which the
            government intends to use as evidence at trial to prove its case in chief, or
            which were obtained from or belong to the defendant, may be inspected at

a mutually convenient time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6.  A laboratory analysis report regarding the latent prints recovered in the investigation in connection with this case is attached.

B.  DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that

2

was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      A latent fingerprint found on a skimmer and inside cover of receipt of gas station pump has been identified as that of the defendant. A copy of the latent fingerprint report will be made available upon request to the undersigned.

N.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages  1  -  151 . Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    /s/ *Christine Hernandez*
CHRISTINE HERNANDEZ
Assistant United States Attorney
Florida Bar No. 15349
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9407

3

Christine.Hernandez@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

      I HEREBY CERTIFY that on August 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on Juan Michelen of the Office of Federal Public Defender who is counsel of record via email.


                                /s/ Christine Hernandez
                                Christine Hernandez
                                Assistant United States Attorney